

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00046-CV

IN THE INTEREST OF M.H. AND Z.H., CHILDREN

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2012-502,824, Honorable Kara Darnell, Presiding

February 12, 2015

ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant appeals from the termination of her parental rights to M.H. and Z.H. Judgment was signed on January 13, 2015. Notice was filed on February 4, 2015. The clerk's record has not been filed. An extension motion was filed by the reporter on February 10, 2015, representing that appellant has not paid or made arrangements to pay for the reporter's record. Furthermore counsel was permitted to withdraw from representation by the trial court on February 4, 2015. Counsel failed to provide this court with a current address for appellant.

Accordingly, we abate this appeal and remand the cause to the 72nd Judicial District for Lubbock County, Texas (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal;

2.    whether appellant is indigent; and, if so,

3.    whether appellant is entitled to a free appellate record and appointed counsel due to her indigency.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing, if any. If it is determined that appellant is indigent and is entitled to appointed counsel, the trial court may appoint her counsel; the name, address, and phone number of any new counsel appointed shall be included in the aforementioned findings. Additionally, the district court shall then file the supplemental records and reporter's records transcribing the hearing with the clerk of this court on or before March 10, 2015. Should further time be needed by the trial court to perform these tasks, then same must be requested before March 10, 2015.

It is so ordered.

Per Curiam